**JON M. SANDS**
Federal Public Defender
**DEIRDRE MARIAN MOKOS**
Assistant Federal Public Defender
Arizona State Bar No. 016268
407 West Congress Street, Suite 501
Tucson, Arizona 85701-1355
Telephone: (520) 879-7500
Fax No.: (520) 879-7601
Attorney for Defendant
deirdre_mokos@fd.org

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | NO: CR-15-1586-TUC-JGZ (CRP) |
| ) | |
| v. ) | **SENTENCING MEMORANDUM** |
| ) | |
| Cleophus Emanuel Cooksey, ) | |
| ) | |
| Defendant. ) | |

Defendant, Cleophus Emanuel Cooksey, through counsel hereby files the following Sentencing Memorandum and requests that it be considered at the time of sentencing. Mr. Cooksey requests a recommendation to FCI-Tucson, the BOP-RDAP program and that he be placed in a halfway house upon release.

Dated: December 28, 2015.

JON M. SANDS
Federal Public Defender

*s/ Deirdre Marian Mokos*
DEIRDRE MARIAN MOKOS
Attorney for Defendant

Copy provided by ECF to:

THE HONORABLE JENNIFER G. ZIPPS
United States District Court

ANGELA W. WOOLRIDGE, Assistant
United States Attorney's Office

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

When imposing a sentence the Court must consider the factors set out in 18 U.S.C. § 3553 including the nature and the circumstances of the offense, and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public and to provide needed educational or vocational training, medical care; the sentences available and the sentencing range.

**Plea Offer**

The plea agreement specifies 60 months in prison, the statutory minimum. For the reasons detailed below, Mr. Cooksey should receive no more than 60 months. Absent the statutory minimum, the guidelines call for 24-30 months - even before departures or variances – and his acceptance was extraordinary. He turned himself in.

**History and Characteristics of Cleophus Emanuel Cooksey**

Cleophus Emanuel Cooksey, 55, was born in Eloy, AZ, moved to Tucson as an infant, studied in Tucson, and last lived in Tucson, AZ under a bridge. He obtained his GED in Tucson and was then in the military for 18 months which took him to New Jersey and Germany. He also lived in Phoenix and Las Vegas to pursue employment opportunities.

Mr. Cooksey's father was a former supervising investigator for the civil rights division of the Arizona Attorney General's Office and his mother was the director of a childcare center she co-owned with Mr. Cooksey's father. His mother struggled with alcoholism for most of Mr. Cooksey's formative years and many of her children

struggled with addiction as well. Mr. Cooksey suffered with alcoholism and attended AA meetings. While he has been sober, alcohol is an ongoing temptation, and he would like treatment.

Mr. Cooksey has six siblings (one is deceased) with whom he has not had contact for many years. He married his high school girlfriend, had two sons, and eventually separated from his wife. He has limited contact with his wife and children.

His employment and training include power-generator and wheel-vehicle mechanic, electro-mechanical assembly, electronic technician, voice and music training, culinary training, and food service and cooking. Mr. Cooksey has had periods of unemployment, but he was almost always employed most of the last 35+ years.

In 2014, Mr. Cooksey returned to Tucson. He stayed at the Salvation Army for about a week before entering a program provided by the American Red Cross and the Veterans Administration which offered to help him secure housing and employment. As part of the program was given housing for the first six months and he was supposed to secure employment so he could support himself moving forward. However, he was unable to find employment, lost his housing in March 2015, and was living on the streets in Tucson until he turned himself in and confessed.

**Nature and Circumstances of the Offense**

Mr. Cooksey set small fires at the post office and outside the federal courthouse. He intended property damage only. He had no intention of hurting anyone. At the time he was homeless and frustrated about the treatment of the homeless, unemployed and veterans. He was homeless and needed help. He may also have been malnourished. No

one was injured and it appears that the police had little to go on. But concerned about his behavior, *he turned himself in and confessed to police*. He also directed officers to evidence in his possessions in a shopping cart under the 22nd Street bridge where they met. For restitution, the USPS is requesting $50 and GSA is requesting $25.

**Sentence should Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment; Deter Criminal Conduct; Protect the Public; and Provide the Needed Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Cooksey's last prior law enforcement contact was almost 20 years ago, in 1996. He committed this offense out of frustration with his situation, and to bring attention to the plight of the homeless and veterans who are not receiving services, including himself. But despite the conditions, the likely malnourishment, and the pain that he was suffering, all of which may have affected his judgment, he recognized the wrongfulness of his behavior, turned himself in to police, and he confessed. While the fires are a concern, they were small, no one was injured, no accelerants were used, and no injury was intended (except to property).

Mr. Cooksey needs treatment for alcoholism, a stable residence and assistance getting a job. He requests that the Court or BOP send him to a halfway house so that he will have a place to live upon release. With a stable residence he plans to find work, save money and eventually find his own housing. He also requests a recommendation to the RDAP program so that he can continue to remain sober. He is presently at FCI-Tucson where only those with the best conduct are sent pre-trial, and he requests a recommendation that he stay there.

**Conclusion**

Mr. Cooksey recognized the wrongfulness of his behavior, contacted the police and confessed. His agreement stipulates 60 months and there is no reason he should receive more. The guidelines are just 24-30 months pre-departure/variance.

For the above reasons, Mr. Cooksey respectfully requests this Court to sentence him to a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553, *see also*, *Booker*, 543 U.S. 220 (2005), no more than 60 months.